IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON COMPANY BENEFITS COMMITTEE, in its official capacity, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. H-04-1848 |
| § | |
| MEMORIAL HERMANN HOSPITAL SYSTEM, § § § § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Plaintiff, Halliburton Company Benefits Committee filed a motion asking this court to reconsider its September 1, 2005 Memorandum and Opinion dismissing Halliburton's claims against defendant Memorial Hermann Hospital System ("Memorial Hermann") for lack of subject matter jurisdiction. Memorial Hermann filed a response. Based on a careful review of the parties' motion, response, and prior submissions and the applicable law, this court grants the motion for reconsideration in part, but the outcome is not affected. This case remains dismissed. The reasons for this ruling are stated below.

**I.     Background**

Halliburton, an administrator of the Kellog Brown & Root ("KBR") Welfare Benefits Plan (the "Plan"), filed a declaratory judgment complaint against Memorial Hermann after receiving a written demand for additional payment for medical services provided to a Plan

participant. The letter, which was directed to both the third-party administrator of the employer's ERISA Plan, Blue Cross Blue Shield Texas PPO, and to the employer, Kellogg Brown & Root, stated that Memorial Hermann had provided services to the patient based on representations made "by/on behalf of your company to the Hospital, that the patient had coverage and benefits that would pay for the hospital's charges." Memorial Hermann asserted its intent to seek the damages caused by the failure to pay the full billed charges, citing only Texas state law.

Before Memorial Hermann filed suit, Halliburton filed a declaratory judgment action in federal court. In the complaint, Halliburton alleged that the patient had assigned its claims to Memorial Hermann; that Memorial Hermann had a contract with Blue Cross to accept certain amounts for specified services; and that Memorial Hermann had billed excessive amounts under that contract, as well as at least one charge not covered under the KBR Medical Plan. Despite the references to the contract between Blue Cross and Memorial Hermann, Halliburton alleged that Memorial Hermann's claim for benefits arose exclusively through its assignment from the Plan participant under 29 U.S.C. § 1132(a)(1)(B) of ERISA. It is undisputed that a claim for benefits is completely preempted by ERISA. Halliburton sought a declaration from this court that it had paid all the money it owed for the medical services Memorial Hermann had provided. In addition, Halliburton alleged that the prompt payment provisions of the Texas Insurance Code do not apply to self-funded employee benefits plans, such as the KBR Plan, invoking conflict preemption.

Memorial Hermann moved to dismiss, arguing that ERISA preemption did not apply.

Memorial Hermann stated in its motion to dismiss and original answer that it is not seeking to enforce its rights as an assignee:

> MHHS is not seeking the amounts payable under Patient Walters' "plan." MHHS is not a party to the alleged ERISA plan between Plaintiff and Patient Walters and has not become a party through assertion of claims through an assignment of rights. Instead, it is seeking the amounts contractually promised and owed by Plaintiff and Blue Cross under independent contracts, separate and apart from any alleged "ERISA plan."

(Docket Entry No. 4, ¶ 12). This court dismissed the case for lack of subject-matter jurisdiction. (Docket Entry No. 22).

Halliburton argues that this court erred in two respects: it did not apply the proper standard for federal jurisdiction that governs declaratory judgment actions, and it did not account for the fact that Halliburton is neither a third-party administrator nor an insurer, making Memorial Hermann's potential claims against it like claims for benefits under ERISA § 502(a)(1)(B). (Docket Entry No. 24, pp. 1–2).

## II.   Federal Jurisdiction over a Declaratory Judgment Suit

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides, in relevant part:

> (a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

"'[T]he operation of the Declaratory Judgment Act is procedural only.'" *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003) (quoting *Aetna Life Ins. Co. v. Haworth*,

300 U.S. 227 (1937)).  If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987).

Halliburton argues that in a declaratory judgment action, a court determines subject-matter jurisdiction by examining whether the declaratory judgment defendant could have brought a coercive action that raises a federal question.  (Docket Entry No. 24, p. 3). Halliburton cites *Household Bank v. JFS Group*, 320 F.3d 1249, 1260 (11th Cir. 2003), and similar cases, for the proposition that because Memorial Hermann could have asserted federal-law claims against Halliburton as an assignee of the Plan beneficiary, that is sufficient for federal subject-matter jurisdiction. (Docket Entry No. 24, p. 5). In *Household Bank*, the district court had dismissed a complaint seeking a declaratory judgment that an arbitration clause in a consumer contract was enforceable  because the defendants had potential nonfrivolous claims under federal law, including the Truth-in-Lending Act.  In response, the defendants stated that they did not intend to file any federal claims against the declaratory judgment plaintiffs.  The district court dismissed the complaint on the ground that the anticipated coercive action must "of necessity" arise under federal law.  The appellate court held that this was the wrong test.  The court held that the test was whether the "the facts alleged in a declaratory judgment plaintiff's well-pleaded complaint demonstrate that the defendant could allege a coercive claim under federal law." *Id.* at 1259.  The Fifth Circuit has framed the test in similar terms. *TTEA v. Ysleta Del Sur Pueblo*, 181 F.3d 676,

682 (5th Cir. 1999). Other courts have reached similar results. *See, e.g.*, *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556 (2d Cir. 1991) (declaratory judgment defendant threatened litigation under several causes of action, one of which was federal, and the court ruled that a declaratory judgment action could be "properly commenced in light of the real threat of litigation."); *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615 (7th Cir. 1995) (a court has subject matter jurisdiction over a declaratory judgment action when the plaintiff's well-pleaded complaint "presumes the possibility of an action by [the defendant] under [federal law]").

In *Household Bank*, the district court had been concerned that such an approach would "eviscerate the long-standing principle that the plaintiff is the master of his claim: if a declaratory judgment plaintiff may seek relief in federal court based on the fact that the declaratory judgment defendant *may* assert a federal claim, even though he may also limit his coercive action to only state claims, that is tantamount to allowing a declaratory judgment plaintiff to force the other party to litigate a claim that he may have no intention of pursuing." 320 F.3d at 1254 (quoting 191 F. Supp. 2d 1292, 1303 (M.D. Ala. 2002)). The appellate court was sympathetic but unpersuaded. The court found that such concerns "must be addressed to the legislative branch of our Government." *Id.* at 1258.

In *Household Bank*, the court explained that, even though the declaratory judgment defendants informed the court that they did not intend to file a federal claim against the declaratory judgment plaintiff, the dispute was not "mooted because without a binding, judicially enforceable agreement, the [declaratory judgment defendants] could still put [the

5

declaratory judgment plaintiffs] to the task of defending against the non-frivolous federal law claims alleged in this declaratory judgment action." *Household Bank*, 320 F.3d at 1260. The court noted that the declaratory judgment defendants had not "entered into a settlement agreement or filed a release of their federal claims in this matter, nor did they request the district court to enter judgment against them." *Id.*

The concerns raised in *Household Bank* apply with even more force here. Halliburton could not bring a declaratory judgment action under ERISA to clarify its obligations as an insurer or to establish that it could defend against a state-law claim that might be asserted by raising preemption. *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1252-53 (9th Cir. 1987); *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524, 1523 (11th Cir. 1987); *Connecticut General Life Ins. Co. v. Cole*, 821 F. Supp. 193, 197 (S.D. N.Y. 1993); *Reynolds v. Stahr*, 758 F. Supp. 1276, 1280 (W.D. Wis. 1991). Courts have nonetheless held that, despite the ERISA limitation on the equitable relief a fiduciary can seek in a federal court, federal jurisdiction exists under the Declaratory Judgment Act if the declaratory judgment defendant could file a coercive action based in part on federal law. In *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d at 1253, the court held that there was jurisdiction under the Declaratory Judgment Act to hear an insurer's suit for a declaration that its policy did not provide double indemnity to a particular beneficiary. The court reasoned that because the declaratory judgment defendant could have brought an ERISA action seeking recovery under the policy, the insurer was permitted to bring the declaratory judgment action. *Id.* Other courts have reached similar results. *See Connecticut*

6

*General Life Ins. Co. v. Cole*, 821 F. Supp. at 197–98; *US Telecom, Inc. v. Hubert*, 678 F. Supp. 1500, 1503 (D. Kan. 1987); *Reynolds v. Stahr*, 758 F. Supp. at 1281.

One avenue to avoid this result is provided by judicial estoppel to enforce the declaratory judgment defendant's promise not to assert an ERISA claim, but only pursue state-law claims. Judicial estoppel prohibits a party who has assumed one position, whether by pleading or in open court, from later asserting an inconsistent position. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). "'The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *Id.* (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). "'The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed.'" *Coastal Plains*, 179 F.3d at 205 n.1 (quoting *Data General Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996)). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895).

Judicial estoppel was not available in *Household Bank* or in *Kidder, Peabody* because although the declaratory judgment defendants committed not to assert their federal claims, they did not do so in a binding, judicially enforceable fashion. *Household Bank*, 320 F.3d at 1260; *Kidder, Peabody*, 925 F.2d at 563. Similarly, in the present case, Memorial Hermann did not make a sworn statement that it would not assert a claim as an assignee.

7

Under Texas law, judicial estoppel applies if the party to be estopped has made a sworn, prior inconsistent statement in a prior judicial proceeding and successfully maintained the prior position. *Steffan v. Steffan*, 29 S.W.3d 627 (Tex. App. Houston–14th Dist. 2000), *review denied*. It "applies with equal force to any sworn statement–whether oral or written–made in the course of a judicial proceeding." *Miller v. Gann*, 842 S.W.2d 641, 641 (Tex. 1992) (per curiam).[1] Because the issue is whether Memorial Hermann would be precluded from asserting a federal law claim in the state courts, Texas law on judicial estoppel appears to control.

Even if this court has subject-matter jurisdiction under the Declaratory Judgment Act, that does not end the analysis. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Declaratory Judgment Act is "an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 289.

---

[1] By contrast, the Fifth Circuit recognizes three requirements for judicial estoppel to prohibit a party from later arguing a position: (1) the position the party seeks to take must be clearly inconsistent with its previous one; (2) the court must have accepted the previous position; and (3) the prior statement must not have been inadvertent. *Id.*; *In re Coastal Plains*, 179 F.3d at 206.

Determining whether to maintain or dismiss the declaratory judgment suit requires an analysis of: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). The Fifth Circuit has identified seven nonexclusive factors to consider when deciding whether to exercise jurisdiction. These factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (quoting *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)).

There is not a pending state court action in this case. In *Sherwin-Williams*, the court rejected a *per se* rule requiring a district court to hear a declaratory judgment action when there is no pending parallel state proceeding. 343 F.3d at 394. But it is clear that Memorial Hermann is likely to bring suit in Texas state court to recover the unpaid amount of the billed charges that it asserts are due under its contract with Blue Cross.

The key question is the presence of federal law questions. In *Sherwin-Williams*, the court explained that the presence of federal law questions is "important to deciding whether a state or federal court should be the one to decide the issues raised in the federal court declaratory judgment action." 343 F.3d at 396. Numerous courts have held that a third-party health provider's state-law claims based on a contract with an insurer (such as the Memorial Hermann-Blue Cross contract) are not preempted by ERISA and are appropriately resolved in state courts. *See, e.g.*, *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir. 1990); *Home Health, Inc. v. Prudential Ins. Co. of America*, 101 F.3d 600, 604, 607 (8th Cir. 1996); *Memorial Herman Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, No. 05-1234, 2005 WL 1562417, at *6 (S.D. Tex. June 30, 2005); *Baylor Univ. Med. Ctr. v. Arkansas Blue Cross Blue Shield*, 331 F. Supp. 2d 502 (N.D. Tex. 2004) (finding no preemption of similar contract claim or of claim that failure to pay amounts invoiced violated Texas prompt-pay statute); *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*,

340 F. Supp. 2d 749, 760 n.9 (N.D. Tex. 2004) (citations omitted); *Methodist Hosps. of Dallas v. Wal-Mart Stores, Inc.*, No. 02-0656, 2003 WL 21266775, at *3 (N.D. Tex. May 30, 2003) (holding that Methodist's breach of contract claim was not preempted by ERISA because Methodist was suing as an alleged third-party beneficiary of a contract, rather than as an individual patient's assignee).

Memorial Hermann has declared its intention pursue only state-law claims and to forgo claims arising from ERISA only. It has maintained this position from its first filing with this court. In light of the absence of federal issues in this case, this court declines to exercise jurisdiction.

**V.     Conclusion**

The motion for reconsideration of this court's September 1, 2005 memorandum and opinion is granted in part. Although this court has subject-matter jurisdiction under the Declaratory Judgment Act, it is jurisdiction that this court declines to exercise. The order of dismissal previously entered is withdrawn and an amended order of dismissal is separately filed.

SIGNED on January 19, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge